UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| YOLONDA FRASIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK N.A.; WELLS FARGO & COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 3:12-cv-737<br><br>CLASS / COLLECTIVE ACTION COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

Yolonda Frasier, ("Frasier" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. As explained herein, under applicable employment laws, Legal Process Specialists (as defined below) are entitled to compensation for all hours worked, including premium overtime compensation. In short, if Legal Process Specialists work over forty (40) hours per week, they are entitled to overtime pay.

2. Plaintiff brings this action as a collective action to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or the "Act") on behalf of a class of current and former Legal Process Specialists. Legal Process Specialists are defined as non-exempt employees with the job title(s) of Legal Process Specialist, Loan Servicing Specialist or other similar job title whose job duty was to review loan files and process foreclosure files employed by Wells Fargo Bank N.A., Wells Fargo & Company or any other parent, subsidiary, related, or successor companies (collectively,

"Wells Fargo" or the "Company").[1]

3. Plaintiff also brings this action as a state-wide class action on behalf of a class of current and former Legal Process Specialists within the State of North Carolina, who are or were employed by the Company, to recover overtime compensation pursuant to the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.4(a) ("NCWHA").

4. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship. Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

## SUMMARY OF CLAIMS

5. Plaintiff brings this suit as a collective action on behalf of the following similarly situated persons:

> All current and former Legal Process Specialists who have worked for Wells Fargo within the statutory period covered by this Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class").

6. Plaintiff further brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Legal Process Specialists who have worked for Wells Fargo in the State of North Carolina during the statutory period covered by this Complaint (the "NC Class").

---

[1] Upon information and belief, Plaintiff believes the job title of Loan Servicing Specialist was changed to Legal Process Specialist on or about May 2011, with no change in job duties.

7. The Nationwide Collective Class and the NC Class are hereafter collectively referred to as the "Classes."

8. Plaintiff alleges on behalf of the Nationwide Collective Class that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

9. Plaintiff alleges on behalf of the NC Class that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by the NCWHA and (ii) entitled to liquidated damages and interest pursuant to NC Gen. Stat. § 95-25.22.

10. As a result of Defendants' willful violation of the FLSA and NCWHA, Plaintiff and the Classes were illegally under-compensated for their work.

## PARTIES

11. Plaintiff Yolonda Frasier ("Frasier" or "Plaintiff") was a Legal Process Specialist employed by Defendants in the State of North Carolina during the statutory period covered by this Complaint who Defendant failed to compensate for all hours worked, including premium overtime compensation for all hours worked above and beyond forty in a workweek. Plaintiff worked at Defendant's business office located at 401 South Tryon Street, Charlotte, North Carolina.

12. Plaintiff consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

13. Defendant Wells Fargo Bank is a national association with its principal place of business in San Francisco, California. Upon information and belief, Wells Fargo Bank is a

wholly-owned subsidiary of Defendant Wells Fargo & Company. Wells Fargo Bank is a diversified financial services company providing banking, insurance, investments, mortgage and consumer finance. At all relevant times during the statutory period covered by this Complaint, Defendant Wells Fargo Bank has transacted business within the State of North Carolina.

14. Defendant Wells Fargo & Company is a Delaware Corporation with its principal place of business in San Francisco, California. Defendant Wells Fargo & Company is the parent of Defendant Wells Fargo Bank, and operates as one of the nation's largest commercial banking organizations.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

16. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over the North Carolina state law claims because those claims derive from a common nucleus of operative facts.

17. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

18. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

19. The crux of the FLSA and NCWHA is that all employees are entitled to be paid for all hours worked, and paid premium overtime compensation for all hours worked in excess of forty hours per workweek, unless proven to be exempt.

20. Contrary to these basic protections, Plaintiff and the members of the Classes were

not lawfully paid for all hours they worked above and beyond forty in any given workweek.

21. Plaintiff and the members of the Classes are or were employed by Defendant as Legal Process Specialists. Legal Process Specialists are non-exempt employees entitled to receive premium overtime compensation for all hours worked in excess of forty hours per workweek.

22. Plaintiff and Class Members' general duty was to process foreclosure files. Processing foreclosure files involved, among other things, reviewing numerous documents and then verifying certain information based on the documents.

23. Throughout the statutory period covered by this Complaint, Defendants imposed a mandatory quota on Legal Process Specialists, requiring them to process a specified number of foreclosure files per day.

24. Due to the nature of their job responsibilities and requirements, Plaintiff and the members of the Classes regularly worked more than forty hours a week during the course of their employment with Defendants in order to meet Defendants' quota.

25. Upon information and belief, Defendant had a practice and/or policy of limiting the amount of overtime Legal Process Specialists would be paid.

26. During the course of her employment with Defendants, Plaintiff and the members of the Classes regularly worked beyond their scheduled shifts and beyond the amount of overtime that Defendants would pay in order to attempt to meet their mandatory quota.

27. Upon information and belief, Plaintiff and the members of the Classes were permitted and/or required to work hours which were not recorded, in order to contain the labor hours.

28. Plaintiff and the members of the Classes entered their time into a computer

system to be approved by a manager. Upon information and belief, Plaintiff and the members of the Classes recorded overtime hours that were altered by supervisors to reflect a lower number of hours worked by the Legal Process Specialists than the actual hours worked.

29. In addition, in order to meet their quotas, Legal Process Specialists, including Plaintiff, often had to work through all or part of their lunch and/or stay beyond their scheduled shift. Failure to meet the required quotas resulted in disciplinary measures taken against the Legal Process Specialists, including, upon information and belief, termination.

30. The result of these practices was that Plaintiff and the members of the Classes were not credited for all the time spent working in excess of forty hours per workweek. Plaintiff regularly worked in excess of forty-two hours a work.

31. In violation of the FLSA and NCWHA, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate for all work performed beyond the 40 hour work week.

32. Plaintiff alleges that Defendants' failure to pay all wages, including overtime, was knowing and willful. Accordingly, Plaintiff and the members of the Classes are entitled to recover all wages due for overtime hours worked, for which the appropriate compensation was not paid.

33. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, are in the possession of Defendants. If these records are unavailable, Plaintiff and the members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to Defendants. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

34. Each of the foregoing acts is in contravention of applicable provisions of the

6
Case 3:12-cv-00737-MOC   Document 1   Filed 11/06/12   Page 6 of 12

FLSA and NCWHA.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of herself and the Nationwide Collective Class as a collective action pursuant to the FLSA, § 216(b) and on behalf of the NC Class as a class action for claims under the NCWHA pursuant to Fed. R. Civ. P. 23.

36. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the NCWHA may be pursued by all similarly-situated persons who choose not to opt-out of the NC Class pursuant to Fed. R. Civ. P. 23.

37. The number of individuals in each of the Classes is so numerous that joinder of all members is impracticable. The exact number of members of the Classes can be determined by reviewing Defendants' records. Plaintiff is informed and believes and thereon alleges that there are over a hundred individuals in each defined class.

38. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

39. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

40. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, members of the Classes likely will not obtain redress of their injuries, and Defendants will retain the proceeds of

their violations of the FLSA and NCWHA.

41.     Furthermore, even if any member of the Classes could afford individual litigation against Wells Fargo, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

42.     There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

(a)     Whether Defendants employed members of the Classes within the meaning of the applicable statutes, including the FLSA;

(b)     Whether Defendants had a practice and/or policy of limiting overtime to an unreasonable and unrealistic level in comparison to the amount of work it demanded from Plaintiff and the Classes, thereby causing them to work off-the-clock;

(c)     Whether Plaintiff and members of the Classes were expected to, and/or mandated to, regularly work overtime hours each workweek;

(d)     Whether Defendants forbade or discouraged Plaintiff and the Classes from recording all their overtime hours;

(e)     Whether Defendants altered the time records reflecting the hours worked by Plaintiff and the members of the classes;

(f)     Whether Defendants failed to pay Plaintiff and members of the Classes for all hours worked;

(g)     Whether Defendants violated any other statutory provisions regarding

compensation due to Plaintiff and members of the Classes;

    (h)  Whether Defendants' conduct was willful; and

    (i)  Whether Plaintiff and members of the Classes have sustained damages and, if so, the proper measure of damages.

  43.  Plaintiff's claims are typical of the claims of members of the Classes. Plaintiff and members of the Classes have sustained damages arising out the wrongful and uniform employment policies of Defendants in violation of the FLSA and the NCWHA as alleged herein.

  44.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## **COUNT ONE**

  45.  Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

  46.  At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

  47.  Defendants employed Plaintiff and the members of the Nationwide Collective Class within the meaning of the FLSA.

  48.  At stated herein, Legal Process Specialists, including Plaintiff, regularly and customarily worked in excess of forty hours a week, without receiving compensation for all those hours in violation of the FLSA.

  49.  Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the members of the Nationwide Collective Class, is entitled to recover from Defendants their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

9

Case 3:12-cv-00737-MOC   Document 1   Filed 11/06/12   Page 9 of 12

## COUNT TWO

50. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

51. Defendants employed Plaintiff and the members of the NC Class within the meaning of the NCWHA.

52. At stated herein, Legal Process Specialists, including Plaintiff, regularly and customarily worked in excess of forty hours a week, without receiving compensation for all those hours.

53. At stated herein, Legal Process Specialists, including Plaintiff, regularly and customarily worked in excess of forty hours a week, without receiving compensation for all those hours in violation of the NCWHA.

54. Due to Defendants' NCWHA violations, Plaintiff, on behalf of herself and the members of the NC Class, is entitled to recover from Defendants their unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NC Gen. Stat. § 95-25.22.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. A Declaration that Defendants have violated the applicable provisions of the FLSA and NCWHA;

B. An Order designating Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. An Order designating the NC Class as a class action pursuant to Federal

Rule of Civil Procedure 23;

       D.      An Order appointing Plaintiff and her counsel to represent the Classes;

       E.      Imposition of a Constructive Trust on any amount by which Defendants were unjustly enriched at the expense of the Classes as the result of the actions described above

       F.      An Order enjoining Defendants from any further violations of the FLSA and NCWHA;

       G.      For compensatory and punitive damages and all other statutory remedies permitted;

       H.      Prejudgment interest;

       I.      An Order awarding attorneys' fees and costs; and

       J.      For all other relief as the Court deems just.

## JURY DEMAND

Plaintiff hereby demands a jury on all issues so triable.

Dated: November 6, 2012

                              Respectfully submitted,

By: */s/ Gary W. Jackson*
Gary W. Jackson, NC State Bar No. 13976
Sam McGee, NC State Bar No. 25343
Jackson & McGee, LLP
225 E. Worthington Avenue, Suite 200
Charlotte, NC 28203
Telephone: 704.377.6680
Facsimile: 704.377.6690
Email: gjackson@ncadvocates.com

FARUQI & FARUQI, LLP
Gerald D. Wells, III
Robert J. Gray
101 Greenwood Ave.
Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: jwells@faruqilaw.com
       rgray@faruqilaw.com

-and-

Joseph A. Weeden
3000 Washington Blvd., Suite 426
Arlington, VA 22201
Telephone: (855) 4 CLASS LAW
Facsimile: (855) 425-2775